PEOPLE, PLAINTIFF AND APPELLEE, *v.* MULERO, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Humacao in a Prosecution for Violation of the Weights and Measures Act.

No. 2034.—Decided March 24, 1924.

BREAD—SHORT WEIGHT—TOLERANCE—JUDICIAL NOTICE.—A complaint for selling bread of short weight (Act No. 25 of 1921) does not state a crime if the tolerance authorized by law is not alleged therein, for in the absence of such an allegation the court can not know whether the bread weighed less than the minimum weight allowed and can not take judicial notice of such allowance, as held in *People* v. *Grau,* 29 P. R. R. 970.

The facts are stated in the opinion.

*Mr. A. Aponte, Jr.,* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The appellant was charged in a municipal court with a violation of the Weights and Measures Act (Act No. 25 of June 11, 1921) in that he wilfully and maliciously was selling in his store bread short in weight. A loaf was seized and its wrapper was marked one pound while it was short 45 grams. He was convicted in that court and also on ap-

peal to the district court, whereupon he took the present appeal.

The Act cited amended Act No. 13 of April 12, 1917, and provides in section 1 that a loaf of bread weighing one pound avoirdupois, or 453 grams, shall be the standard loaf of bread. Section 2 provides that every loaf sold or offered or exposed for sale shall be wrapped in a paper bag labeled plainly with the correct weight and the name of the baker, and that upon the taking effect of the Act the Chief of the Bureau of Weights and Measures shall establish reasonable variations or tolerances as to the weight of the loaves appearing on the labels thereof. Section 4 sets forth the punitive sanctions.

The appellant alleges in the first ground of his appeal that the trial court erred in overruling his demurrer on the ground that the complaint failed to state facts sufficient to constitute the crime charged, as its wording with regard to the shortage of 45 grams in the loaf of bread shows a conclusion of the complainant and is not an allegation that the bread weighed a certain number of grams less than a pound; therefore, it cannot be taken into consideration, for the complaint alleges only that the loaf was short in weight, which is another conclusion of the complainant and not an averment of facts.

Indeed, the complaint should have stated the number of grams that the loaf weighed in order to show the amount of shortage from the standard pound and whether it was short in weight; but as the complaint was not an information drawn by a district attorney, we may construe it liberally and conclude from its allegation that the loaf was 45 grams short and that it weighed 408 grams, the difference between the 45 grams and the 453 grams of the standard pound.

We agree with the appellant that an averment of the tolerance allowed is necessary, because without it the court

cannot know whether the bread weighed less than is allowed by the tolerance fixed by the Chief of the Bureau of Weights and Measures so as to determine the existence of the offense, for the said tolerance is not a matter of judicial notice, as we have held in the case of *People* v. *G. Garau & Co.*, 29 P. R. R. 970.

For the foregoing reasons the judgment appealed from must be reversed and the defendant discharged.

*Reversed.*

Chief Justice Del Toro and Justices Wolf, Hutchison and Franco Soto concurred.